On October 9, 2018, the Court heard oral argument on the application for leave to appeal the April 11, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action.
 

 Viviano, J. (concurring).
 

 I concur with the Court's order denying leave to appeal by equal division and write separately to explain my reasoning.
 

 Defendant, Alphonso Straughter Jr., was convicted of carjacking, armed robbery, conspiracy to commit armed robbery, second-degree home invasion, and unlawful imprisonment and, relevant for the purposes of this appeal, was sentenced as a second-offense habitual offender. Notwithstanding the prosecutor's failure to comply with the habitual-offender statute, the trial court sentenced defendant as a second-offense habitual offender. In his subsequent appeal, the Court of Appeals affirmed defendant's convictions, but vacated defendant's sentence and remanded for resentencing without the habitual-offender sentencing enhancement because the prosecutor failed to show that notice was
 served on defendant, since no proof of service was filed with the trial court as required under MCL 769.13. In the prosecutor's application for leave to appeal in our Court, the prosecutor argues for the first time that the trial court's error was harmless because the record reflects that defendant had actual notice of his habitual-offender status within the time period set forth in the statute.
 

 In relevant part, MCL 769.13 reads as follows:
 

 (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.
 

 (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.
 

 In
 
 People v. Head
 
 , the Court of Appeals held that "[t]he failure to file a proof of service of the notice of intent to enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual offender notification."
 
 [1]
 
 In concluding that the error in that case was harmless, the Court of Appeals relied on the following facts: (1) "[d]efendant does not claim that he and defense counsel never received a copy of the charging documents"; (2) "[a]t the arraignment on the information, defendant waived a formal reading of the information"; (3) "[t]here was no indication at the arraignment hearing that defendant or his attorney had not received a copy of the felony information"; (4) "defendant and defense counsel exhibited no surprise at sentencing when defendant was sentenced as a fourth-offense habitual offender"; and (5) "[d]efendant has not asserted in the trial court or on appeal that he had any viable challenge to his fourth-offense habitual offender status."
 
 [2]
 

 Because this case was decided before
 
 Head
 
 , the Court of Appeals in this case was not bound by
 
 Head
 
 . While this Court has the discretion to remand for reconsideration in light of
 
 Head
 
 , because I have concerns with
 
 Head
 
 's analysis, I do not
 believe that we should exercise our discretion to do so.
 

 In particular, I question whether the Court of Appeals in
 
 Head
 
 erred by placing the burden on the defendant of proving that the prosecutor's error was harmless. Typically, the burden is on the defendant to show that a preserved nonconstitutional error is harmless.
 
 [3]
 
 In this context, however, placing the burden on the prosecutor may be appropriate since the prosecutor committed the error and the prosecutor is best able to prove whether the defendant received actual notice. The Court of Appeals' analysis in
 
 Head
 
 , which relies almost exclusively on negative inferences from the record, reflects the concerns with placing this burden on the defendant.
 
 [4]
 

 Therefore, while the Court of Appeals' decision in this case is at odds with
 
 Head
 
 , because of my concerns with
 
 Head
 
 's framework, I would not exercise our discretion to remand this case for reconsideration in light of
 
 Head
 
 . Instead, I believe that denying leave to appeal is appropriate.
 

 People v. Head
 
 ,
 
 323 Mich. App. 526
 
 , 543-544,
 
 917 N.W.2d 752
 
 (2018).
 

 Id.
 

 at 544-545
 
 ,
 
 917 N.W.2d 752
 
 . The Court of Appeals also noted that "defendant received actual notice on the record at the preliminary examination that he was being charged as a fourth-offense habitual offender" and that "the fact that the prosecutor was seeking to enhance defendant's sentence as a fourth-offense habitual offender was acknowledged on the record by defendant and defense counsel at a pretrial hearing during the discussion of the prosecutor's final plea offer."
 

 Id.
 

 The Court of Appeals does not explain, however, whether either of these hearings took place "within 21 days after the defendant's arraignment on the information," such that the defendant would have received actual notice within the time period required under MCL 769.13(1).
 

 See
 
 People v. Lukity
 
 ,
 
 460 Mich. 484
 
 , 491-496,
 
 596 N.W.2d 607
 
 (1999).
 

 Unlike Justice Markman , I would be hesitant to conclude that simply filing the relevant charging documents with the court-something that happens in every case-is sufficient to render harmless the prosecutor's error in failing to serve the habitual notice on the defendant or his attorney within the time period set forth in MCL 769.13. Among other things, this would render nugatory the remaining requirements of the statute since the prosecutor would never be penalized for ignoring them. It would also be strange to excuse the prosecutor's noncompliance when the defendant waives his arraignment on the information, since the statute expressly contemplates such waivers and makes no exceptions from its requirements for them. See MCL 769.13(1) (providing that a habitual notice must be filed "within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense").