*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVEN ROSS SIMMONS,

        Defendant-Appellant.

UNPUBLISHED
December 3, 2019

No. 342842
Clinton Circuit Court
LC No. 17-009776-FC

Before: CAVANAGH, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

STEPHENS, J. (*Concurring*).

I concur in the result of this opinion because we are bound by this Court's decision in *People v Head*, 323 Mich App 526. See MCR 7.215(J)(1). While I believe that *Head* was wrongly decided, I am aware that our Supreme Court recently declined to grant leave on the application in *People v Straughter*, 501 Mich 944; 904 NW2d 633 (2017). *People v Straughter*, ___ Mich ___; 930 NW2d 384 (2019). In considering the application, the Court asked the parties to address several questions regarding the filing and service of a request for habitual offender enhancement including, "(1) whether the harmless error tests articulated in MCR 2.613 and MCL 769.26 apply to violations of the habitual offender notice requirements set forth in MCL 769.13, compare *People v. Cobley*, 463 Mich. 893, 618 N.W.2d 768 (2000), with *People v. Johnson*, 495 Mich. 919, 840 N.W.2d 373 (2013)." However, unless and until the Supreme Court overrules or modifies *Head*, we are bound to follow the rule of law established therein. MCR 7.215(J)(1). Further, I note that there is no record of the incarcerated defendant in this case having access to the court file or actual notice of the supplemental filing of the habitual count. However, the defendant in this case did not explicitly state that he had no notice of the habitual or that had he been noticed, that he would not have pled *nolo contendere*. The objection at the trial court level only noted an objection to the habitual based upon a lack of proof of service. Therefore, if the burden is placed upon him as *Head* requires, to show actual harm, defendant has not met that burden.

/s/ Cynthia Diane Stephens

-1-